IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ABDUL M. ODEM           )
                        )
    v.                  )    NO. 3:04-0888
                        )
OFFICER WAYNE FISHER, et al.  )


TO: Honorable William J. Haynes, Jr., District Judge


### R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered October 7, 2004 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and Local Rules of Court.

Presently pending before the Court is the motion for summary judgment of defendants Emmett Turner, Sharraff Mallery, Wayne Fisher, and the Metropolitan Government of Nashville and Davidson County (filed July 22, 2005; Docket Entry No. 27), to which the plaintiff has not filed a response in opposition.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

---

[1] By order entered July 25, 2005 (Docket Entry No. 31), the Court advised the plaintiff of the pending motion and of the need to respond.

## I. BACKGROUND

The plaintiff is currently an inmate of the Tennessee Department of Correction ("TDOC"). He filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 seeking compensatory and punitive damages for events occurring prior to his incarceration. Named as defendants in his complaint are the Metropolitan Government of Nashville and Davidson County ("Metro"), Officer Wayne Fisher ("Fisher"), Officer Sharraff Mallery ("Mallery"), Officer John Mallery, and Police Chief Emmett Turner ("Turner"). The plaintiff alleges that his Fourth and Fourteenth Amendment rights were violated.

On October 8, 2003, the plaintiff was shot in the leg. He alleges that Defendant Fisher arrived as his aunt and other friends were placing him in a car to take him to the hospital. The plaintiff asserts that he told Defendant Fisher that he had been shot in the leg but that Fisher, instead of assisting him, began to question him and frisked him for weapons. The plaintiff states that Defendant Fisher placed him in handcuffs and put him in the back of the police patrol car where another person was also being held. The plaintiff asserts that Defendant Sharraff Mallery then arrived at the scene and became very agitated when the plaintiff requested help. He alleges that Defendant Mallery struck him in the face and pulled him out of the patrol car where an unnamed police officer sprayed him with pepper spray.

The plaintiff alleges that he lost consciousness and woke up approximately an hour later still in the back of the patrol car.

2

He contends that a news crew was present and attempted to ask him questions, but Defendants Fisher and Mallery prevented the questioning. The plaintiff alleges that paramedics were finally called and he was taken to a local hospital. He contends that it took more than two hours before he received medical treatment for his gunshot wound. The plaintiff claims that he suffered severe and permanent injuries and damages to his back, head, and neck as a result of the actions of the defendants.

By the order of referral, process was issued to the defendants on the plaintiff's action. The record shows that the plaintiff did not provide a summons for defendant John Mallery and that this defendant has not been served with process in the action. See Order entered March 15, 2005 (Docket Entry No. 19). The remaining defendants filed an answer (Docket Entry No. 15) to the complaint and demanded a jury trial. A scheduling order was entered providing for a period of pretrial activity in the action. See Docket Entry Nos. 16 and 19.

## II. SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." In order to prevail on a motion for summary judgment the moving party must demonstrate that no

3

genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. The dispute must also be genuine. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

### III. CONCLUSIONS

1. Defendant Metro

A claim against a municipal entity such as Metro cannot be based merely upon the fact that a constitutional tort was committed by one of its employees. Liability may be assessed against a

4

municipal entity only for constitutional violations that were caused by a policy of the municipality. <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 691-94 (1978). Even if a constitutional violation is proven, the violation must have resulted from a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." <u>Id</u>. at 690. Liability may also attach if the constitutional tort occurs because of a governmental custom which, though not formally approved as policy, is nonetheless an established usage or course of conduct and thus amounts to a de facto policy. <u>Id</u>. at 690-91. Regardless of how the policy arises, the plaintiff must show that a municipal policy was the moving force behind the alleged constitutional violations at issue. <u>City of Canton v. Harris</u>, 489 U.S. 378 (1989); <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808 (1985).

In the instant action, the plaintiff has not supported a claim of municipal liability with any evidence whatsoever. Summary judgment should be granted to Metro.

<u>2. Defendant Emmett Turner</u>

Summary judgment should be granted to defendant Turner. To the extent that Turner is sued in his official capacity, any claims against him are essentially claims against his municipal employer. <u>See</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989); <u>Frost v. Hawkins County Bd. of Educ.</u>, 851 F.2d 822, 827 (6th Cir. 1988). These claims are, therefore, subject to dismissal for the

5

same reason as dismissal is warranted in favor of Metro as set out <u>supra</u>.

With respect to an individual liability claim against defendant Turner, there are no facts alleged in the complaint which support a claim against Turner. First, the plaintiff has not set forth any evidence rebutting defendant Turner's affidavit assertion that he had been retired from employment with the Metropolitan Police Department for approximately six months prior to the incident in question. <u>See</u> Exhibit F to Docket Entry No. 27. Further, the plaintiff's allegation that defendant Turner is liable because he failed to train or supervise the police officers involved in his arrest is entirely conclusory and unsupported by any evidence that is before the Court. Such a conclusory allegation will not support a claim under Section 1983. <u>See</u> <u>McTigue v. City of Chicago</u>, 60 F.3d 381, 382-83 (7th Cir. 1995); <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436-37 (6th Cir. 1988).

<u>3. Defendant John Mallery</u>

Defendant John Mallery was not served with process in this action within 120 days of the filing of the complaint. His dismissal is therefore warranted under Rule 4(m) of the Federal Rules of Civil Procedure. Furthermore, even if Defendant John Mallery had been served with process, there are no factual allegations contained anywhere in the complaint which refer to this

6

defendant or implicate him in any of the alleged unconstitutional conduct.

4. Defendants Wayne Fisher and Sharraff Mallery

Defendants Wayne Fisher and Sharraff Mallery assert that they are entitled to qualified immunity from any damage claims asserted against them. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is provided to government officials so that they can perform their duties without being exposed to lawsuits and liability for discretionary decisions made during the performance of their duties. Anderson v. Creighton, 483 U.S. 635, 638 (1987); Poe v. Haydon, 853 F.2d 418, 423 (6th Cir. 1988). Qualified immunity protects government officials performing discretionary functions from civil damage liability "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson, 483 U.S. at 638; Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

The qualified immunity analysis entails two steps. First, the Court considers whether, taken in the light most favorable to the party asserting the injury, the facts alleged show that the defendant's conduct violated a constitutional right. Saucier v.

7

Katz, 533 U.S. 194, 201 (2001). If the facts alleged fail to establish a constitutional violation, then the inquiry ends and the defendant is entitled to qualified immunity. Id. If, however, the facts alleged are sufficient to establish a constitutional violation, then the Court must determine whether the particular right allegedly violated was clearly established at the time the violation occurred. Id.

The plaintiff's first claim is that his Fourteenth Amendment rights were violated because the defendants denied him prompt medical treatment for his gunshot wound. Specifically, he alleges that he was shot in the leg at approximately 8:15 p.m., that he told both defendants that he had been shot but they ignored his complaints, and that he was forced to wait more than two hours before receiving any medical treatment.

In response, the defendants deny that they were informed by plaintiff that he had been shot in the leg and contend that another police officer called for an ambulance at 8:19 p.m., approximately 20 minutes after they first became involved with the plaintiff on the night in question. They assert that an ambulance arrived at 8:29 p.m. and the plaintiff was transported to the hospital, where he arrived at 8:52 p.m. The defendants support their motion with their own affidavits and with copies of police incident reports and the Emergency Medical Service ambulance run sheet. See exhibits to Docket Entry No. 27.

The Fourteenth Amendment prohibits a defendant from acting with deliberate indifference to the serious medical needs of a

8

plaintiff. See Owensby v. City of Cincinnati, 414 F.3d 596, 602-03 (6th Cir. 2005). Deliberate indifference requires that the defendants knew of and disregarded a substantial risk of serious harm to [the pretrial detainee's] health and safety. Id. (quoting Watkins v. City of Battle Creek, 273 F.3d 682, 686 (6th Cir. 2001).

In light of the evidence before the Court, the Court finds that the plaintiff's general allegations that he had to wait over two hours for medical treatment are insufficient to support a claim that the defendants acted with deliberate indifference. Even if a factual dispute exists about whether or not the plaintiff told the defendants that he had been shot, the objective, factual evidence set forth by the defendants shows that he was not ignored or made to wait for several hours before receiving treatment and shows that an ambulance and EMS crew were called and arrived at the scene quickly. The plaintiff has not disputed this evidence in any manner. Nor is there any evidence before the Court which shows that immediate emergency medical attention was required to have been administered by the defendants themselves or that a response other than the one provided was required. There is simply insufficient evidence before the Court upon which a reasonable jury could find that the defendants acted with deliberate indifference toward the plaintiff. As such, qualified immunity is warranted on this claim based on the first part of the qualified immunity analysis.

The plaintiff's second claim is that his Fourth Amendment rights were violated by defendant Mallery when Mallery punched him

9

in the face while he was sitting in restraints in the back of a patrol car. Defendant Mallery denies punching the plaintiff as alleged. To the contrary, he contends that when he and other officers arrived at the location in question in response to a call about a person with a weapon, they noticed the plaintiff who appeared to be under the influence of drugs or alcohol. Defendant Mallery contends that the plaintiff was combative and non-compliant and that the officers initially detained him to question him but that the plaintiff became physically combative and continued this behavior even after being placed in handcuffs. Defendant Mallery asserts that the plaintiff attempted to kick out the patrol car window and attempted to escape from the patrol car when officers opened the door so that they could place leg restraints on him. Defendant Mallery asserts that a large, hostile crowd had gathered at the scene and that some measure of force in the form of physical control and the limited use of pepper spray was necessary to manage the plaintiff. Mallery argues that this force was both reasonable and minimal. See exhibits to Docket Entry No. 27.

The Fourth Amendment prohibits the use of unreasonable force against an arrestee. Graham v. Conner, 490 U.S. 386, 394-95 (1989). The use of force during an arrest is not per se unconstitutional, however, and it is well recognized that a law enforcement officer has the right to use such force as may be necessary to accomplish legitimate law enforcement goals. Id. at 395-96. The relevant inquiry is whether or not the defendant's alleged actions were objectively reasonable in light of the facts

10

and circumstances confronting him at the time. Id. Determining what is objectively reasonable requires consideration of the facts of a case, including the seriousness of the crime, whether the suspect could be an immediate threat of safety of officers or others, and whether the suspect is trying to resist arrest. Id.

At first glance, it would appear that a genuine issue of material fact exists based upon the factual dispute arising from the plaintiff's allegation that he was punched in the face by defendant Mallery while restrained in the back of a patrol car and defendant Mallery's denial of this allegation. The plaintiff's allegation is set out in his complaint, which is verified under the penalty of perjury and, thus, carries the same weight as an affidavit for the purposes of summary judgment analysis. See Williams v. Browman, 981 F.2d 901, 903-04 (6th Cir. 1992).

However, the plaintiff has chosen not to respond to the summary judgment motion. He has not submitted his own affidavit or refuted any of the specific facts contained in the affidavits of defendant Mallery and Fisher. Additionally, despite alleging that there were numerous people present during the events in question, including his friends and relatives, another arrestee who was in the rear of the patrol car, and a television news crew, the plaintiff has not presented affidavits from any of these witnesses to corroborate his claim. The plaintiff has also not submitted evidence refuting any of the facts surrounding the incident which are contained in the incident report, the ambulance run sheet, or

the use of force reports generated as a result of the incident. See exhibits A, D, G, and H to Docket Entry No. 27.

Further, the plaintiff has not submitted evidence rebutting the results of the lab tests conducted after he arrived at the hospital which show that he was under the influence of both alcohol and drugs at the time of his arrest and which tends to support the defendant's assertion that the plaintiff was combative and uncooperative at the time in question. See exhibit E to Docket Entry No. 27. Finally, the plaintiff has not submitted any evidence supporting his allegation that he suffered "severe and permanent injuries and damages including back, head, and neck problems," see Complaint (Docket Entry No. 1) at ¶ 39, or rebutting the ambulance run sheet which notes the gunshot injury as the only injury suffered by the plaintiff.

In the face of a well supported summary judgment such as the one submitted by the defendant, the plaintiff "bears the responsibility to demonstrate that summary judgment is inappropriate under Rule 56(e)," see Davidson & Jones Dev. Co. v. Elmore Dev. Co., 921 F.2d 1343, 1349 (6th Cir. 1991), and must respond with affirmative evidence supporting his claim and establishing the existence of a genuine issue of material fact. Celotex, 477 U.S. at 324; Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). In order for a disputed issue of material fact to be genuine, "the evidence [must be] such that a reasonable jury could return a verdict in favor of the non-

12

moving party."[2] Anderson, 477 U.S. at 248. Since the preponderance of the evidence standard is used in this determination, more than a mere scintilla of evidence in support of the plaintiff's position is required in order for the claim to proceed to the trier of fact. Id. at 252.

Even viewing all facts and inferences in the light most favorable to the plaintiff, the plaintiff has failed in this burden. Given the paucity of evidence provided by the plaintiff to support his claim, the Court finds that no reasonable jury could find in favor of the plaintiff on his allegation that he was subjected to the use of excessive force at the hands of Defendant Mallery. To the contrary, the only reasonable view of the evidence is that the use of force against the plaintiff by Defendant Mallery was objectively reasonable given the circumstances which existed at the time. While there may be some disputed facts, a genuine issue of material fact does not exist and no reasonable jury could find in the plaintiff's favor based on the evidence which is before the Court. Summary judgment should be granted to Sharraff Mallery based upon the first part of the qualified immunity analysis.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the defendants' motion for summary judgment (Docket Entry No. 27)

---

[2] As the Supreme Court explained, a court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52

13

be GRANTED and the claims against them be DISMISSED WITH PREJUDICE. The Court further RECOMMENDS that defendant John Mallery be DISMISSED from the action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

                                              _/s/ Juliet Griffin_
                                              JULIET GRIFFIN
                                              United States Magistrate Judge